IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sir Brandon Legette, | ) | C/A No. 3:20-2439-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Officer Sean Rollins; Columbia Police Department; the City of Columbia, South Carolina, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Sir Brandon Legette filed this civil rights and personal injury action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for resolution of Legette's motion for leave to file responses to requests for admission and motion to amend the Second Amended Scheduling Order. (ECF Nos. 38 & 42.) The defendants filed a joint response to the motion for leave to file responses to requests for admission (ECF No. 43), and Legette filed a reply (ECF No. 45). On September 28, 2021, the court held a hearing on the motions. After careful consideration, and for the reasons stated below, the court denies Legette's motions.

**BACKGROUND**

This action arises out of a traffic stop in which City of Columbia Police Officer Sean Rollins purportedly shot Legette in the back of the head while Legette was still in the car. Legette raises claims of excessive force in violation of the Fourth Amendment, common law battery, and negligence. Legette, represented by counsel Marcus Jarrell Brown, Esquire, filed this action on June 26, 2020. On August 25, 2020, Andrew MacDonald Hale and Shawn William Barnett,

Esquires, of Hale & Monico LLC in Chicago, Illinois moved to appear *pro hac vice* as Legette's co-counsel. Their motions were granted without opposition.

The City Defendants—City of Columbia and Columbia Police Department—and Defendant Sean Rollins appeared and filed answers through separate counsel on September 4, 2020. The court issued a Scheduling Order on September 8, 2020, which directed that discovery be completed by April 2, 2021. (ECF No. 18.) On October 13, 2020, the parties filed a joint Rule 26(f) report requesting modification of the original scheduling order. The court issued an Amended Scheduling Order that required expert witnesses be identified by June 4, 2021 and discovery be completed by August 6, 2021, among other deadlines. (ECF No. 24.) Defendant Rollins identified an expert witness on June 18, 2021 after moving for an extension of time to identify expert witnesses on June 4 and receiving *post hoc* approval by the court with consent and for good cause shown.

On August 6, 2021, the defendants filed a consent motion to further amend the Scheduling Order. The court issued a Second Amended Scheduling Order on August 10, 2021, which required that discovery be completed on September 20, 2021, among other deadlines. (ECF No. 32.)

On August 20, 2021, Joel S. Hughes, Esquire, of the Law Office of Kenneth E. Berger, LLC filed a notice of appearance as co-counsel for Legette. Two days later, Hughes moved for a status conference, and the day after that, Hughes filed a motion for leave to file responses to requests for admission with Legette's proposed responses. (ECF No. 38.) Also on that day, *pro hac vice* counsel Hale and Barnett filed a motion to withdraw, which the court granted. On August 25, 2021, Kenneth E. Berger, Esquire, joined Hughes as co-counsel for Legette by filing a notice of appearance.

In the motion for leave to file responses to requests for admission, Hughes indicates that Legette was served, through other counsel, with Defendant Rollins's requests for admission on June 29, 2021, but Legette never responded to the requests. Hughes indicates in his motion that he served the responses to the requests for admission on Defendant Rollins the day he filed his motion—August 23, 2021—and asks the court to allow Legette to amend or withdraw his default admissions under Federal Rule of Civil Procedure 36(b) and replace them with the responses served that day.

On September 7, 2021, the defendants filed a joint response in opposition to the motion for leave to file responses to requests for admission, arguing it would be prejudicial. (ECF No. 43.) The defendants note that Rollins's requests for admission were served on June 29, 2021, along with interrogatories and requests for production. The defendants confirm they received Legette's untimely responses to requests for admission but still have not received answers to Rollins's interrogatories or requests for production.

That same day, Legette, via newly retained counsel Hughes, filed a motion to amend the Second Amended Scheduling Order. (ECF No. 42.) In the motion, Hughes indicates that as of September 7, no depositions have been conducted and no written discovery has been exchanged. Hughes also indicates that he has now consulted with an expert and needs an extension of the deadline, which has already passed, to identify expert witnesses. Hughes offers to pay a reasonable sum toward the additional work that the defendants' expert will incur responding to Legette's expert. Hughes asks for sixty days from the date of the order to identify an expert and serve a report, and "additional time" to complete discovery after the expert deadline. The defendants did not file a response to this motion.

On September 28, 2021, the court held a hearing on the motions and took the motions under advisement.

## DISCUSSION

**A.     Motion for Leave to Respond to Requests for Admission (ECF No. 38)**

Federal Rule of Civil Procedure 36 allows parties to serve on any other party written requests to admit the truth of any matters within the scope of discovery.  Fed. R. Civ. P. 36(a)(1).  If the other party fails to serve the requesting party with answers or objections to the requests within the prescribed time, the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(4).  Here, Legette failed to timely respond to Defendant Rollins's requests for admission.  Therefore, they are deemed admitted under Rule 36(a)(4).

Requests to withdraw or amend admissions under Rule 36 are governed by subsection (b), which provides in relevant part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e) [Final Pretrial Conference and Orders], the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

The court must consider whether granting the motion would promote the presentation of the merits and prejudice the requesting party, but the ultimate decision rests in the court's discretion.  See Bailey v. Christian Broad. Network, 483 F. App'x 808, 810 (4th Cir. 2012); United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC, 275 F. Supp. 3d 737, 743 (E.D.N.C. 2017).  That is, even if the factors listed in Rule 36(b) are met, the court is not obligated to allow withdrawal or amendment.  See In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 661 (E.D. Va. 1999) ("[N]o absolute right to withdraw admissions exists.") (citing Branch Banking & Tr. Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 660 (E.D.N.C. 1988)).  The first factor is satisfied if upholding the

admission would practically eliminate any presentation of the merits of the case. Graybar, 275 F. Supp. 3d at 743 (quoting Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007)). The second factor—prejudice—refers to the prejudice stemming from reliance on the binding effect of the admission. 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2264 (3d ed. Apr. 2021); see also Graybar, 275 F. Supp. 3d at 743 ("The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.") (quoting Conlon, 474 F.3d at 622). The parties relying on the deemed admission—here, the defendants—have the burden of proving that they would be prejudiced by the requested amendment or withdrawal. See Graybar, 275 F. Supp. 3d at 743.

In addition to the factors listed in Rule 36(b), the court may consider other factors in exercising its discretion to allow or not allow withdrawal or amendment. See, e.g., Gwynn v. City of Phila., 719 F.3d 295, 298 (3d Cir. 2013) ("Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, but they are not required to do so.") (citations omitted); Conlon, 474 F.3d at 625 ("[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."); Le v. Cheesecake Factory Rests. Inc., C/A No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) ("This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, or its diligence in seeking withdrawal.") (citations omitted).

Consideration of all these factors weighs against granting Legette's motion. The two Rule 36(b) factors do not weigh heavily either way. At first blush, several of Legette's admissions would preclude a need to litigate the merits of Legette's excessive force claim.[1] (See Ex. A, Pl.'s Responses to Request to Admit, ECF No. 38-1.) Among the admissions Legette has made by omission are that Legette attempted to cause great bodily injury or death to Defendant Rollins, that Legette possessed a concealed and loaded firearm during the traffic stop, that Rollins was trapped in Legette's vehicle, that Legette drove a car down an embankment at a high speed and risked great bodily injury and death to flee the traffic stop, and that Rollins's actions were proportional to the threat of harm from Legette. These admissions go directly to the elements of an excessive force claim. See Graham v. Connor, 490 U.S. 386, 397 (1989) (stating that an excessive force claim is an objective inquiry into "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); see also Henry v. Purnell, 652 F.3d 524, 531-32 (4th Cir. 2011) ("A police officer who shoots a fleeing suspect without 'probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others' violates that suspect's Fourth Amendment rights.") (quoting Tennessee v. Garner, 471 U.S. 1, 3 (1985)). However, Legette's proposed responses mostly invoke his Fifth Amendment privilege against self-incrimination. Thus, allowing withdrawal of the admissions would not appear to promote the presentation of the merits of Legette's claims, as the plaintiff has elected to remain silent. Of course, the plaintiff is not the only possible source of discoverable information. And in this civil case, the plaintiff's invocation of the privilege against self-incrimination would not necessarily preclude a jury's fact

---

[1] The parties have not provided briefing or argument as to whether the deemed admissions would preclude the presentation of the merits of Legette's state law tort claims.

finding. See, e.g., ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 179 (4th Cir. 2002) ("In a civil proceeding, a fact-finder is entitled to draw adverse inferences from a defendant's invocation of the privilege against self incrimination."); U.S. ex rel. DRC, Inc. v. Custer Battles, LLC, 415 F. Supp. 2d 628, 633 (E.D. Va. 2006) (explaining that a civil party's assertion of the Fifth Amendment privilege is constitutionally permissible but not always appropriate, and the court must first determine whether a valid basis exists for the invocation of the privilege). But the utility of permitting withdrawal of the deemed admissions seems questionable at best.

Moreover, and pertinent to the second factor, the defendants rely on the conundrum created by Legette's assertion of privilege to establish prejudice from allowing amendment of the admissions. (Defs.'s Resp., ECF No. 43 at 6, 8.) Further suggesting prejudice to the defendants is that fact that Defendant Rollins has relied upon the admissions in employing an expert to prepare a report—which has already been provided to Legette—and in developing his case strategy. For their part, the City Defendants have foregone propounding discovery of their own in reliance on Legette's admissions propounded by Rollins. Perhaps some of that prejudice could be ameliorated by reopening the discovery period and requiring the plaintiff to pay the defendants' additional expenses if the admissions are permitted to be answered belatedly; however, it is not clear that such would be the case. See 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2264 (3d ed. Apr. 2021) ("The reference to 'prejudice' in Rule 36(b) is to the prejudice stemming from reliance on the binding effect of the admission."). Thus, the second factor is equivocal and unpersuasive as well.

Other pertinent factors, however, weigh heavily against allowing Legette to withdraw or amend his deemed admissions—namely, Legette's fault in failing to respond to the requests for admission and Legette's general lack of diligence in engaging in discovery. See Gwynn, 719 F.3d

at 298; Conlon, 474 F.3d at 625; Cheesecake Factory, 2007 WL 715260, at *2; see also Branch Banking, 120 F.R.D. at 660 (explaining that the court should consider the movant's diligence regardless of its finding as to prejudice to the nonmovant). Despite multiple opportunities to do so, Legette failed to provide any explanation for why he did not engage in discovery, identify an expert, or answer the requests for admission before the deadlines lapsed. This is true even after the court held a hearing on these motions.[2]

Legette argues he showed diligence by engaging new counsel[3] who then promptly responded to the requests to admit and consulted with a potential expert witness; however, Legette remains responsible for the original attorneys he hired. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) ("As both the Supreme Court and our circuit have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.' ") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Moreover, Legette still has not responded to the defendants' other discovery requests—including interrogatories and requests for production—nor attempted to schedule depositions. Legette essentially asks the court to start afresh more than one year after the case was filed, even though Legette has not engaged in

---

[2] At the hearing, Legette's new co-counsel from the Berger Law Firm were present to argue the motion, but they could not offer any reason why Legette failed to engage in any discovery before their involvement. Nor did Legette proffer any cause in his two legal memoranda filed in connection with his motion. (Pl.'s Mot., ECF No. 38; Pl.'s Reply, ECF No. 45.) Co-counsel Marcus Brown, Esquire, who has represented Legette throughout the case, arrived one hour and fifteen minutes late to the hearing, after the court had fully heard argument on the motion to amend or withdraw the admissions and had moved on to address scheduling issues. The court therefore declined to hear from Brown, as he yet again missed his opportunity to timely address the issue.

[3] The court emphasizes that its findings regarding Legette's lack of good cause and diligence pertain to Legette himself and his original counsel. Counsel Berger and Hughes appear to have promptly and ably attempted to address the issues once they were retained.

discovery or complied with deadlines while the defendants have. Cf. F.D.I.C. v. Denson, 908 F. Supp. 2d 792, 808-09 (S.D. Miss. 2012) (denying a motion to withdraw answers to request to admit where the movant offered no good cause for its lack of diligence in seeking withdraw); In re Brodnik, No. 1:18-AP-01005, 2019 WL 5866443, at *6 (Bankr. S.D.W. Va. Nov. 7, 2019) (citing the movant's failure to engage in discovery as a justification for denying a motion to withdraw or amend admissions). The court declines to grant such relief to Legette in light of his lack of diligence or explanation for such dilatoriness.[4] See, e.g., Metpath, Inc. v. Mod. Med., 934 F.2d 319 (4th Cir. 1991) (finding the trial court did not abuse its discretion in refusing to allow the defendant to file untimely responses to requests for admission where the defendant failed to explain why it could not have moved to extend the time to answer or provided answers to the best of its ability at the time, even where the prejudice suffered by the plaintiff was "not great," but included a potential delay and incursion of expenses to engage in further discovery); see also West Bay Builders, Inc. v. United States, 80 Fed. Cl. 700, 709 (2008) (denying the plaintiff's request to withdraw deemed admissions and finding the plaintiff must face the consequences of its counsel's "careless, dilatory, and negligent" disregard of discovery obligations); In re Nikirk, Case No. 3:17-bk-30140-SHB, 2020 WL 739664 at * 8 (E.D. Tenn. Feb. 13, 2002) (refusing to allow the defendants to withdraw their deemed admissions and extend discovery deadlines because to do so

---

[4] The court observes that the year of apparent inaction by Legette and his original counsel occurred during the COVID-19 pandemic, which is still ongoing. This court has been generous in granting extensions of time to accommodate the extraordinary difficulties that illness, quarantines, isolation, and social distancing requirements have presented for litigants. Significantly, however, those extensions have been granted to those who followed the Federal Rules of Civil Procedure and the District of South Carolina's Local Rules—as well as court orders and instructions specific to the pandemic—to obtain additional time for good cause shown. It is not the court's responsibility to rescue a party from the consequences of its silent and unexplained idleness or guess as to its cause. Nor does the law demand such.

would "stand Rule 36 on its head" and condone the defendants' conduct). Consequently, Legette's motion for leave to respond to requests for admission is denied.

**B.     Motion to Amend the Second Amended Scheduling Order (ECF No. 42)**

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." " 'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.' " Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (quoting 6A Wright & Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2010)).

As explained above, Legette has not provided the court with any explanation as to why he has failed to engage in discovery to this point. The court has already amended the Scheduling Order twice to accommodate the parties. The defendants have engaged in the discovery process in that time, including propounding interrogatories, requests to produce, and requests for admission, to which Legette has not timely responded. At the hearing on these motions, counsel for the defendants represented that they have already undertaken hours of investigation to gather evidence and incurred expenses, including developing their legal strategy and identifying an expert who has prepared a report. Considering the lack of any explanation from Legette for his lack of diligence in engaging in discovery and meeting deadlines, as well as the inequity of requiring the defendants to re-engage in the discovery process, the court denies Legette's motion to amend the Second Amended Scheduling Order.

Dispositive motions shall be filed on or before **fourteen days** from the date of this order.

**IT IS SO ORDERED**.

October 20, 2021  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE