

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| SIR BRANDON LEGETTE, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:20-2439-MGL |
| | § | |
| OFFICER SEAN ROLLINS; COLUMBIA | § | |
| POLICE DEPARTMENT; and COLUMBIA, | § | |
| SOUTH CAROLINA, THE CITY OF | § | |
| Defendants. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**REVERSING THE MAGISTRATE JUDGE'S ORDER AND**
**GRANTING PLAINTIFF LEAVE TO FILE RESPONSES TO DEFENDANTS'**
**REQUESTS TO ADMIT**

---

## I.     INTRODUCTION

Plaintiff Sir Brandon Legette's (Legette) brings this action against Defendants Officer Sean Rollins (Rollins), Columbia Police Department (CPD), and the City of Columbia, South Carolina (collectively, Defendants), alleging excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983; as well as battery and negligence under South Carolina law.  This Court has federal question jurisdiction over the federal claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims in accordance with § 1367.

Pending before the Court are Legette's objections to the Magistrate Judge's order denying him leave to file responses to Defendants' requests to admit.  Having carefully considered Legette's objections, Defendants' response, the record, and the applicable law, it is the judgment of the Court the objections will be sustained and the Magistrate Judge's order will be reversed.

## II.    FACTUAL AND PROCEDURAL HISTORY

This case involves allegations arising out of a traffic stop during which Rollins, a CPD officer, purportedly shot Legette in the back of the head.  Below is a timeline of the relevant facts for the Court's analysis.

| | |
|---|---|
| June 2020 | Legette, represented by counsel Marcus Jarrell Brown (Brown), filed this action.  The case was originally assigned to Judge Childs.  Andrew MacDonald Hale (Hale) and Shawn William Barnett (Barnett) moved for admittance *pro hac vice* alongside Brown. |
| September 2020 | Defendants appeared. |
| June 18, 2021 | Rollins identified an expert witness. |
| June 29, 2021 | Rollins served Hale and Barnett with requests to admit (RTAs), responses to which were due on July 29, 2021.  They failed to respond, so, under Federal Rule of Civil Procedure 36(a)(3), the matters are deemed admitted. |
| August 20, 2021 | Joel S. Hughes (Hughes) appeared for Legette.  His law partner, Kenneth Berger (Berger), also appeared.  Hale and Barnett subsequently withdrew from this matter. |
| August 23, 2021 | Hughes served his responses to the RTAs.  That same day, Hughes and Berger moved the Magistrate Judge to allow them to withdraw the default admissions (motion for leave). |
| September 7, 2021 | Hughes and Berger moved to amend the scheduling order (motion to amend). |
| October 20, 2021 | The Magistrate Judge denied Legette's motion for leave and motion to amend. |
| November 3, 2021 | Legette objected. |
| November 17, 2021 | Defendants replied. |
| August 5, 2022 | The Clerk of Court transferred this case to the undersigned Judge. |

The Court has reviewed Legette's objections, and holds them to have merit.  It will therefore enter judgment accordingly.

### III.     DISCUSSION AND ANALYSIS

#### A.     *Whether the motion for leave constitutes a dispositive motion*

Legette contends the Court should treat the motion for leave as tantamount to a dispositive motion, and thus review the Magistrate Judge's order de novo, because he thinks Defendants' forthcoming summary judgment motion will rely on the admissions. Conversely, Defendants insist the Court should treat the motion as nondispositive, and thus review it under the clearly erroneous or contrary to law standard, because it is a discovery motion that fails to end the case.

A nondispositive motion is "a pretrial matter not dispositive of a claim or defense of a party." Fed. R. Civ. P. 72(a). As explained in 28 U.S.C. § 636(b)(1)(A), dispositive motions include motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, and for class certification. Although that list is inexhaustive, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5 (1st Cir. 1999), it is illustrative.

Generally, discovery motions are nondispositive. *See id.* at 6 (explaining that motions for sanctions due to discovery violations "ordinarily should be classified as nondispositive"). But, there may be exceptions to this rule "in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense." *Id.*

In essence, default admissions are a sanction for failing to respond to a discovery request. Although the admissions fail to immediately dispose of Legette's excessive force claim, that is likely the natural result of such a sanction, because the admissions "go directly to the elements of an excessive force claim." Magistrate Judge's Order at 6. As such, the Court treats the Magistrate Judge's order as dispositive and reviews the matter de novo.

Under this standard, the Court treats the Magistrate Judge's order as a recommendation with no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the order to which specific objection is made, and the Court may accept, reject, or modify the order, in whole or in part, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**B.      Whether the Magistrate Judge erred in denying the motion for leave**

Legette argues the Magistrate Judge erred in refusing to allow him to withdraw his default admissions. On the other hand, Defendants maintain the Magistrate Judge properly analyzed the factors, explained below, in denying the motion.

Under Federal Rule of Civil Procedure 36, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Courts may consider other factors as well, such as whether the moving party can show good cause for the delay[.]" *Gwynn v. City of Phila.*, 719 F.3d 295, 298 (3d Cir. 2013)

The Court takes each of the Rule 36(b) factors in turn. First, as stated above, the default admissions "go directly to the elements of an excessive force claim." Magistrate Judge's Order at 6. This means that allowing the default admissions to remain would result in this matter being not fully decided on the merits.

Allowing withdrawal of the default admissions would promote presentation of the merits, even though Legette seeks to assert his Fifth Amendment privilege against self-incrimination on several of his answers. For those requests that Legette asserts the privilege, the information may be discovered from sources other than Legette. Accordingly, determination of the issues on the

4

merits will be more likely if Legette is allowed to withdraw the default admissions. This factor, then, weighs in Legette's favor.

Second, allowing withdrawal of the default admissions will result in little, if any, prejudice to Defendants. Defendants retained their expert eleven days before they served the requests to admit. And, there was less than a month between when the responses were due and when Hughes served the responses. Even if Defendant's expert began to prepare a report in reliance on the admissions, the short period of time fails to rise to any prejudice in defending the action.

Considering the factors together, the Court holds that Legette should have the opportunity to respond to the requests for admissions. The Court will therefore sustain Legette's objections as to the motion for leave.

### C. Whether the Magistrate Judge erred in denying relief from the scheduling order

Legette also asks the Court to review the Magistrate Judge's denial of the motion to amend. The Magistrate Judge based its denial of an extension of time on her denial of the motion for leave. In light of this order, the Court will allow the Magistrate Judge to determine the appropriate schedule in this case.

Accordingly, the Court will sustain Legette's objections on this issue to the extent that it will return the matter to the Magistrate Judge with instructions to issue a new scheduling order.

### IV.    CONCLUSION

Therefore, for the reasons stated above, it is the judgment of the Court Legette's objections are **SUSTAINED**, the Magistrate Judge's decision is **REVERSED**, and this case is returned to the Magistrate Judge for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Signed this 1st day of November 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE